# EXHIBIT A-
# PLAINTIFF'S CLASS ACTION COMPLAINT

***EFILED
Case Number 2021L 0005
Date: 5/12/2021 2:28 P
Thomas McR
Clerk of Circuit Cou
Third Judicial Circuit, Madison County Illino

### IN THE CIRCUIT COURT
### THIRD JUDICIAL CIRCUIT
### MADISON COUNTY, ILLINOIS

ANTHONY WOMICK, individually and on )
behalf of all others similarly situated )
                                  )                   **2021L 000578**
         Plaintiff, )
                                    )      Case No. 21-L-_____
v.                                       )
                                       )
THE KROGER CO., )      **JURY TRIAL DEMANDED**
                                       )
         Defendant. )

## <u>PLAINTIFF'S CLASS ACTION COMPLAINT</u>

# TABLE OF CONTENTS

I.     NATURE OF THE ACTION ............................................................................. 3

II.    THE PARTIES ............................................................................................. 4

III.   JURISDICTION AND VENUE ...................................................................... 4

IV.   FACTUAL ALLEGATIONS .......................................................................... 4

V.    CLASS ALLEGATIONS ............................................................................... 13

        COUNT I .................................................................................................. 15

        COUNT II ................................................................................................. 18

        COUNT III ................................................................................................ 20

VI.   PRAYER FOR RELIEF ............................................................................... 21

VII.  JURY DEMAND ........................................................................................ 22

Plaintiff Anthony Womick ("Plaintiff"), individually and on behalf of all others similarly situated, files this Complaint against Defendant The Kroger Company ("Kroger") based on personal knowledge as to his own actions and on information and belief based on the investigation of counsel as to Kroger's conduct and practices.

## I.  NATURE OF THE ACTION

1.      This case is based on a claim of misrepresentation and deception by Kroger in selling Kroger-brand ground coffee in canisters that grossly overstate the number of cups of coffee that can be made from their contents.

2.      These canisters each contain a representation that the contents are sufficient to make a certain number of cups.  However, using the directions for making coffee on the canister, the contents are insufficient to make that number of cups.

3.      For example, some of the canisters of Kroger-brand ground coffee state that they will make 235 cups.  These canisters contain directions to make coffee by using one rounded tablespoon of ground coffee for each six fluid ounce cup of coffee.  However, using that method, the canisters' contents will make no more than 173 cups.  As set forth below, following the canisters' alternative direction to make 10 cups of coffee also leaves the consumer significantly short—in this example with only 216 cups.

4.      This is not a "slack-fill" case where the size of the container allegedly makes a consumer think he will receive more product than is actually in the box.  Rather, the class products in this case prominently feature a representation that the consumer will receive a certain quantity that is impossible to obtain when following the product's own preparation instructions.

5.      Plaintiff Anthony Womick, who regularly buys Kroger-brand coffee in a canister, has been routinely deceived by these misrepresentations.  Accordingly, he brings this action on

behalf of himself and other similarly situated consumers to recover damages caused by this deceptive practice.

## II. THE PARTIES

6.      Plaintiff Anthony Womick is a resident of Williamson County. During the Class Period, as defined below, he regularly shopped at the Kroger store located at 501 N. Giant City Road in Carbondale, Illinois and bought Supreme Blend and Select Blend varieties of Kroger-brand ground coffee in canisters.

7.      Defendant The Kroger Co. is a corporation incorporated in Ohio with its principal place of business at 1014 Vine Street in Cincinnati, Ohio, 45202. In Illinois, it owns and operates more than one-hundred supermarkets, in which it sells products under the Kroger brand, including ground coffee sold in canisters.

## III. JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over Defendant because Defendant purposefully directs its activities at residents of Illinois and the litigation results from injuries that arise out of or relate to those activities.

9.      Venue is proper in this Court because Defendant is doing business in and, therefore, a resident of, Madison County, Illinois.

## IV. FACTUAL ALLEGATIONS

10.      Kroger manufactures, packages, advertises, distributes, and sells various types of ground coffee under its own private label brand.

11.      During the Class Period as defined below, Kroger manufactured, packaged, advertised, distributed, and sold its Kroger-brand ground coffee in canisters that show the number of cups that it represents can be made from the canister's contents ("Class Products").

12.     The Class Products are sold in various sizes—including 11.5 oz., 24 oz., 25 oz., 29 oz., 30.5 oz.—and various flavors—including Breakfast Blend Mild Roast, 100% Columbian Medium Dark Roast, Decaf Classic Medium Roast, French Roast, Premium Blend Medium Roast, Reduced Caffeine Lite Medium Roast, Select Brand Medium Roast, Special Roast Medium Roast, Supreme Blend Medium Roast.

13.     Kroger represents on the packaging of each of the Class Products that the container includes enough ground coffee to make an approximate number of servings.  For example, as shown in the picture below, taken from Kroger's website, Kroger prominently states on the lower right-hand side of the front of its 30.5 oz. canister of Select Blend Medium Roast ground coffee that the canister's contents "MAKES ABOUT 235 CUPS":[1]



---

[1] https://www.kroger.com/p/kroger-select-blend-medium-roast-ground-coffee/0001111002335 (accessed 4/7/2021).

14.     Below are representative images of other Class Products listed above showing similar representations:[2]

  

  

  

---

[2]https://www.kroger.com/search?query=Kroger%20Ground%20Coffee&searchType=previous_searches&fulfillment=all  (accessed 4/7/2021).

 

15.     As can be seen, the number of cups that Kroger represents can be made depends on the size of the canisters:

     a.   The 11.5 oz. (326 g) canisters represent they can make about 90 cups.

     b.   The 24 oz. (680 g) canisters represent they can make about 185 cups.

     c.   The 25 oz. (708 g) canisters represent they can make about 195 cups.

     d.   The 29 oz. (822 g) canisters represent they can make about 225 cups.

     e.   The 30.5 oz. (864 g) canisters represent they can make about 235 cups.

16.     Those representations are false.

17.     Brewing instructions on the back of the canisters direct consumers to use two methods.  To make one cup, the directions state the consumer is to use one rounded tablespoon of coffee for each 6 fluid ounces of cold water, and to make 10 cups, the consumer is to use a half cup of coffee, as shown below:



18. Those instructions, however, will not produce the number of cups of coffee that Kroger represents can be made on the front of the canisters.

19. One tablespoon of ground coffee weighs 5 grams.[3] However, Kroger recommends the use of a "rounded tablespoon," which is larger than a tablespoon. Thus, using Kroger's instruction to use 1 rounded tablespoon of ground coffee per 6 fluid ounce cup of cold water, the 30.5 oz./864 g. canisters will produce no more than, and probably less than, 172.8 (or approximately 173) cups of coffee, not 235 cups.

20. The table below shows, for each of the above products, the maximum number of cups Kroger represents can be made using the one-cup method, compared to the actual maximum number that the canister will make using a tablespoon (5g), along with the difference, meaning the number of cups the consumer paid for but did not receive:

---

[3] https://www.backyardbeans.com/blog/2017/11/1/how-much-coffee-should-i-use#:~:text=If%20you%20don't%20have,you%20use%20to%20brew%20with ; https://www.javapresse.com/blogs/enjoying-coffee/measure-coffee-without-a-scale ; https://www.roastycoffee.com/measure-coffee/ (accessed 4/7/2021).

| Class Product Size | Represented yield | Actual yield | Difference |
|---|---|---|---|
| 11.5 oz. | 90 cups | 65 cups | **25 cups** |
| 24 oz. | 185 cups | 136 cups | **49 cups** |
| 25 oz. | 195 cups | 141 cups | **54 cups** |
| 29 oz. | 225 cups | 164 cups | **61 cups** |
| 30.5 oz. | 235 cups | 173 cups | **62 cups** |

21.     Following the alternative instructions on the canister to make 10 cups of coffee also fails to make the number of cups represented on the canister.  As set forth above, one tablespoon of ground coffee weighs 5 grams.  There are 8 tablespoons in a half cup[4], meaning a half cup of ground coffee weighs 40 grams. Thus, following Kroger's 10 cup instruction to use a half cup of ground coffee, the canisters still produce less than the amount represented on the front of the canister.

22.     The table below shows, for each of the above products while following the 10-cup instruction, the number of cups Kroger represents can be made, compared to the actual number that the canister will make, along with the difference, meaning the number of cups the consumer paid for but didn't receive:

| Class Product Size | Represented yield | Actual yield | Difference |
|---|---|---|---|
| 11.5 oz. | 90 cups | 81.5 cups | **8.5 cups** |
| 24 oz. | 185 cups | 170 cups | **15 cups** |
| 25 oz. | 195 cups | 177 cups | **18 cups** |
| 29 oz. | 225 cups | 205.5 cups | **19.5 cups** |
| 30.5 oz. | 235 cups | 216 cups | **19 cups** |

---

[4] https://www.thecalculatorsite.com/articles/cooking/cups-and-tablespoons.php (accessed 3/25/21).

23.     Kroger's representations regarding the number of cups its Class Products will make are deceptive because a reasonable consumer like Plaintiff expects that if the Class Products' brewing instructions are followed, the canisters will yield the number of cups of coffee prominently displayed on the packaging.  However, as demonstrated in the tables above, that is not the case.

24.     By placing the representation regarding the number of cups the canister will make in such a prominent position on the packaging of the Class Products, Kroger intended that consumers would rely on it in deciding to purchase the product.

25.     The deceptive nature of Kroger's misrepresentations as set forth herein is especially egregious when considered in the context of other coffees that Kroger sells because not all brands of coffee sold in canisters carried by Kroger contain a representation regarding the number of cups that can be made from the contents, much less a false representation.  For example, Kroger sells Chock full o' Nuts coffee in cans that do not contain such a representation:[5]



---

[5] https://www.kroger.com/p/chock-full-o-nuts-original-medium-roast-ground-coffee/0007103800044 (accessed 4/7/2021).

26. Kroger also sells other brands' ground coffee, including Maxwell House, Café Bustelo, and Yuban, in canisters that do not contain representations identifying the number of cups that can be made from their contents:[6]

  

27. Kroger also sells Dunkin' ground coffee in canisters that display the number of cups that can be made from the contents without overstating that number. For example, Dunkin Original Blend in a 30 oz. canister represents that it will make only up to 100 six-fluid oz. cups even though, by using the directions on the canister, one could actually make 113 cups:[7]

---

[6] https://www.kroger.com/search?query=ground%20coffe&searchType=default_search&fulfillment=all (accessed 4/7/2021).
[7] https://www.kroger.com/p/dunkin-donuts-original-blend-medium-roast-ground-coffee/0088133401102 (accessed 4/7/2021)



28. These examples of ground-coffee products that do not misrepresent the number of cups that can be made from their contents demonstrate that there is no legitimate commercial reason why Kroger misrepresents the number of cups that can be made from its coffee products.

29. Plaintiff has regularly purchased the Class Products during the Class Period, including most recently in 2020 and 2021.

30. During this time, Plaintiff has purchased the 29 oz. and 30.5 oz. Class Products.

31. Prior to making his purchases, Plaintiff was exposed to and read the label for the Class Products, including the representation regarding the number of cups that could be made from the can. At all times, Plaintiff believed and had a reasonable expectation that the labeling on the Class Products was truthful and accurate.

32. Plaintiff typically followed the 10-serving instructions on the Class Products when making coffee.

33. As a direct result of Kroger's misrepresentations of the number of cups that can be made from the Class Products as set forth above, Plaintiff and other members of the Class

have been deprived of the benefit of their bargain in purchasing these products because the products had less value than represented.

34.     Consequently, Plaintiff and members of the Class have suffered injury and lost money and property in purchasing the products listed above.

## V.  CLASS ALLEGATIONS

35.     Pursuant to 735 ILCS 5/2-801 through 5/2-807, Plaintiff brings this action on behalf of himself and as a representative of all others who are similarly situated.  Plaintiff seeks certification of the following class:

> All persons in the state of Illinois who purchased one or more of the Class Products in Illinois during the Class Period.

36.     Excluded from the Class are any employee of Defendant, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families.

37.     Plaintiff reserves the right to amend or modify the Class definitions with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

38.     The Class Period is that period within the statute of limitations for this action and extending until a Class is certified herein.

39.     The Class is certifiable under 735 ILCS 5/2-801.

40.     **Numerosity**.  735 ILCS 5/2-801(1).  The members of each Class are so numerous that joinder of all members is impractical.  The approximate number of Class members can be ascertained from Defendant's records.

41. **Commonality and Predominance.** 735 ILCS 5/2-801(2). There are questions of law and fact common to the Class, which predominate over any questions affecting individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether the Kroger-brand coffee sold during the Class period contained representations regarding the number of cups that could be made from their contents;

b. Whether Defendant's representations regarding the number of cups that could be made were material;

c. Whether Defendant's representations regarding the number of cups that could be made constitutes the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact;

d. Whether Defendant's representations regarding the number of cups that could be made was likely to mislead a reasonable consumer;

e. Whether Defendant has been unjustly enriched by its retention of profits from the sale of the misleading Class Products that it advertised, marketed, and sold;

f. Whether Plaintiff and the members of the Classes are entitled to an award of compensatory damages and/or restitution and/or disgorgement;

g. Whether injunctive declaratory, and/or or other equitable relief is warranted pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act; and

h. Whether Plaintiff and the Class are entitled to an award of punitive damages as permitted by the Illinois Consumer Fraud and Deceptive Business Practices Act.

42. **Adequacy.** 735 ILCS 5/2-801(2). Plaintiff is a member of the Class he seeks to represent, committed to the vigorous prosecution of this action, and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

43. **Appropriateness.** 735 ILCS 5/2-801(4). A class action is an appropriate method for the fair and efficient adjudication of the controversy. Because the amount of each individual

Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendant, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, Class members will continue to suffer losses and Defendant's misconduct will proceed without remedy. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard that might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court. Finally, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

44. **Class Action on Limited Issues.** 735 ILCS 5/2-802(b). Because there are common individual issues among the Class, it is appropriate for this action to be maintained as a class action with respect to particular issues if necessary.

## COUNT I
### Violation of the Illinois Consumer Fraud and Deceptive Business Practice Act
### By Means of Unfair Business Practices

45. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

46. Each Class Product is "merchandise" pursuant to 815 ILCS § 505/1(b).

47. The advertising, offering for sale, sale, and/or distribution of the Class Products constitutes "trade" or "commerce" pursuant to 815 ILCS § 505/1(f).

48.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby."

49.     Section 2 further prohibits unfair methods of competition and unfair or deceptive acts or practices, including "the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act[.]"

50.     Section 2 also provides: "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

51.     As set forth above, Defendant engaged in, inter alia, the following practices in transactions with Plaintiff and the Class in Illinois which were intended to result in, and did result in, the sale of the Class Products:

      a.  Falsely stating, misrepresenting, concealing, omitting, and/or suppressing material facts regarding the number of cups that a can of the Class Products can make;

      b.  Representing that the Class Products have characteristics, benefits, and/or quantities that they do not have; and

      c.  Advertising goods with intent not to sell them as advertised.

52.     Defendant falsely stated, misrepresented, concealed, omitted, and/or suppressed material facts on the Class Products' labels as described above when it knew, or should have known, that the Class Products could not make the number of cups stated on the label.

53.      The acts and practices engaged in by Defendant, as set forth herein, constitute unfair business practices in violation of 815 ILCS § 505/1 et seq. because they: (a) offend public policy; (b) are immoral, unethical, oppressive, or unscrupulous; and/or (c) cause substantial injury to consumers.

54.      The aforesaid unfair acts and practices occurred in the course of conduct involving trade or commerce.

55.      Defendant intended that Plaintiff and the Class rely on the aforesaid unfair acts and practices.

56.      As set forth above, Plaintiff paid for products representing that they could make 225 or 235 cups of coffee with directions for using either one rounded tablespoon of coffee for each serving or eight tablespoons for ten servings.

57.      As set forth above, it was impossible for Plaintiff to make 225 or 235 cups of coffee following the directions on the can.

58.      Thus, Plaintiff paid for products that advertised they could make 225 or 235 cups, but received products that did not make 225 or 235 cups for Plaintiff.

59.      Defendant's misrepresentations caused Plaintiff to believe that he paid the fair market value for Kroger-brand coffee that could make 225 or 235 cups, and not the smaller quantity of servings that he actually got. Thus, he paid more than the actual value of the coffee because he received Kroger-brand coffee that made far fewer than 225 or 235 cups.

60.      As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the Class have suffered an ascertainable loss of money and/or property in that they overpaid for the Class Products because they paid a price that was based on Defendant's material misrepresentations and concealments

regarding the number of cups that can be made from the Class Products, in an amount to be proved at trial.

61.     Defendant continues to market, advertise, and sell the Class Products with the misleading disclosure of the number of cups that can be made from the Class Products.

62.     815 ILCS § 505/10 permits the Court to enter injunctive relief to prevent Defendant's continued violation of the law by continuing to market, advertise, and sell the Class Products with the misrepresentations described herein.

63.     Defendant's aforesaid conduct was and continues to be wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

64.     Plaintiff has been forced to hire attorneys to enforce her rights under the Illinois Consumer Fraud and Deceptive Business Practices Act.

WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## COUNT II
## Violation of the Illinois Consumer Fraud and Deceptive Business Practice Act
### By Means of Deceptive Acts or Practices

65.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

66.     Defendant's false statements, omissions, and misrepresentations described herein constitute deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of material facts in connection with the sale of merchandise in Illinois.

67.     The acts and practices engaged in by Defendant, as set forth herein, constitute deceptive and/or fraudulent business practices in violation of 815 ILCS § 505/1 et seq.

68.     The aforesaid fraudulent and deceptive acts and practices occurred in the course of conduct involving trade or commerce.

69.     Defendants intended that Plaintiff and the Class rely on the aforesaid deceptive advertising, acts and practices.

70.     As set forth above, Plaintiff paid for products representing that they could make 225 or 235 cups of coffee with directions for using either one rounded tablespoon of coffee for each serving or eight tablespoons for ten servings.

71.     As set forth above, it was impossible for Plaintiff to make 225 or 235 cups of coffee following the directions on the can.

72.     Thus, Plaintiff paid for products that advertised they could make 225 or 235 cups, but received products that did not make 225 or 235 cups for Plaintiff.

73.     Defendant's misrepresentations deceived Plaintiff into believing that he paid the fair market value for Kroger-brand coffee that could make 225 or 235 cups, and not the smaller quantity of servings that he actually got.  Thus, he paid more than the actual value of the coffee because he received Kroger-brand coffee that made far fewer than 225 or 235 cups.

74.     As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the Class have suffered an ascertainable loss of money and/or property in that they overpaid for the Class Products because they paid a price that was based on Defendant's material misrepresentations and concealments regarding the number of cups that can be made from the Class Products, in an amount to be proved at trial.

75.     Defendant continues to market, advertise, and sell the Class Products with the misleading disclosure of the amount of cups that can be made from the Class Products.

76.     815 ILCS § 505/10 permits the Court to enter injunctive relief to prevent Defendant's continued violation of the law by continuing to market, advertise, and sell the Class Products with the misrepresentations described herein.

77.     Defendant's conduct as aforesaid was and continues to be wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

78.     Plaintiff has been forced to hire attorneys to enforce her rights under the Illinois Consumer Fraud and Deceptive Business Practices Act.

WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## COUNT III
### Unjust Enrichment

79.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

80.     Plaintiff and the Class members conferred a monetary benefit on Defendant when they paid for the Class Products.

81.     As set forth above, Defendant knowingly misrepresented and concealed material facts in connection with their manufacturing, labeling, marketing, advertising, distribution, and sales of the Class Products.

82.     Defendant has retained Plaintiff's and the Class members' purchase price despite their knowing misrepresentations and concealments on the Class Products' labels.

83.     As a result, Defendant is unjustly enriched at the expense of Plaintiff and the Class.

84.     Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class that Defendant gained through deceptive and fraudulent material misrepresentations and omissions in the manufacturing, labeling, marketing, advertising, and sale of the Class Products.

85.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class members overpaid for the Class Products because they paid a price that was based on Defendant's material misrepresentations and concealments regarding the number of cups that can be made from the Class Products.

86.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein, an amount which will be proved at trial.

WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, seeks the following relief:

A.     certification of the Class pursuant to 735 ILCS § 5/2-801 *et seq.*;

B.     appointing Plaintiff as the Class Representative and Plaintiff's attorneys as Class Counsel;

C.     awarding Plaintiff and the Class compensatory damages, in an amount to be proved at trial;

D.     awarding Plaintiff and the Class injunctive relief as permitted by law or equity, including, but not limited to, enjoining Defendant from continuing the unlawful

practices set forth herein and ordering Defendant to engage in a corrective

advertising campaign;

E.     awarding punitive damages for Plaintiff and the Class under the Illinois Consumer

Fraud and Deceptive Business Practices Act in an amount to punish Defendant's

egregious conduct as set forth above and to deter Defendant and others from

engaging in similar conduct;

F.     awarding attorneys' fees and costs;

G.     awarding pre- and post-judgment interest; and

H.     providing such further relief as may be just and proper.

## VII.  JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 12, 2021            Respectfully submitted,

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**

*/s/ Kevin P. Green*
Mark C. Goldenberg, #0990221
Thomas P. Rosenfeld #06301406
Kevin P. Green #06299905
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

Richard S. Cornfeld, #0519391
Daniel S. Levy, #6315524
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
P. 314-241-5799
F. 314-241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

***Attorneys for Plaintiff***

21-L-_____
Page 22 of 22

***EFILED
Case Number 2021L 0005
Date: 5/12/2021 2:28 F
Thomas McR
Clerk of Circuit Cor
Third Judicial Circuit, Madison County Illinc

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

ANTHONY WOMICK, individually and on )
behalf of all others similarly situated )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　　　)
THE KROGER CO., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant. )

**2021L 000578**

Case No. 21-L-_____

JURY TRIAL DEMANDED

**AFFIDAVIT OF PLAINTIFFS' COUNSEL**
**PURSUANT TO SUPREME COURT RULE 222(b) RE DAMAGES SOUGHT**

Kevin P. Green, on oath, deposes and states as follows:

1. He is an attorney for plaintiff in the above-entitled cause.

2. The total of money damages sought by plaintiffs in this action exceeds $50,000.

_____
Kevin P. Green

Subscribed and sworn to before me this _12_ day of May, 2021.

_Kateryna Valerie King_
Notary Public

My Commission Expires: _01/03/24_

Kevin P. Green, #06299905
GOLDENBERG, HELLER, & ANTOGNOLI, P.C.
2227 South State Route 157
Edwardsville, Illinois 62025
Phone: (618) 656-5150
kevin@ghalaw.com
*Attorneys for Plaintiff*

```
Official Seal
Kateryna Valarie King
Notary Public State of Illinois
My Commission Expires 01/03/2024
```

21-L-_____
Page 1 of 1

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N. Main St., Edwardsville, IL 62025
www.madisoncountycircuitclerkil.org

## **SUMMONS**

ANTHONY WOMICK, individually and on
behalf of all others similarly situated,

      PLAINTIFF

VS.                                                  Case No. 2021-L-578

THE KROGER CO.,

      DEFENDANT

Defendant:      THE KROGER CO.
             ILLINOIS CORPORATION SERVICE C
             801 Adlai Stevenson Drive
             Springfield, IL 62703

      YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance, in the office of the clerk of this court at MADISON COUNTY COURTHOUSE, 155 N. MAIN, EDWARDSVILLE, IL 62025, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT. * E-filing is now mandatory with limited exemptions. To e-file, you first create an account with an e-filing service provider. Visit **https://efile.illinoiscourts.gov/service-providers.htm** to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit **http://www.illinoiscourts.gov/FAQ/gethelp.asp** or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness: THOMAS MCRAE the Clerk of said Circuit Court and the seal thereof, on ___5/13/2021___



                              THOMAS MCRAE
                              CLERK OF THE CIRCUIT COURT
                              BY: **/s/ Thomas McRae**  /s/ Jennifer Schaefer
                                                Deputy Clerk

(Plaintiff's attorney or plaintiff if he/she is not represented by an attorney)
KEVIN P. GREEN, #6299905
GOLDENBERG, HELLER & ANTOGNOLI, P.C.
2227 SOUTH STATE ROUTE 157
EDWARDSVILLE, IL 62025

Date of Service: ___MAY 1 3 2021___, 2021
(To be inserted by officer on copy left with defendant or other person)
*(Defendant must appear not less than 7 or more than 40 days after issuance of the summons)



## Notice of Service of Process

**KN4 / ALL**
**Transmittal Number: 23204657**
**Date Processed: 05/15/2021**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Co. |
| **Title of Action:** | Anthony Womick  vs. The Kroger Co. |
| **Matter Name/ID:** | Anthony Womick  vs. The Kroger Co.  (11233486) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Madison County Circuit Court, IL |
| **Case/Reference No:** | 2021L000578 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 05/13/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Kevin P. Green<br>618-656-5150 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com