IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | | |
|---|---|---|
| ANTHONY WOMICK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:21-cv-00574-NJR |
| THE KROGER CO., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT THE KROGER CO.'S PARTIAL MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant The Kroger Co. ("Kroger") respectfully moves to dismiss claims based on products Plaintiff did not purchase and Count IV of the Plaintiff's First Amended Class Action Complaint ("FAC") filed by Plaintiff Anthony Womick ("Plaintiff"), individually and on behalf of others similarly situated, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In further support, Kroger states the following:

**INTRODUCTION**

On May 12, 2021, Plaintiff filed a Class Action Complaint in this putative class action, alleging that Kroger committed unfair and deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA") by misrepresenting the number of cups of coffee that can be brewed from select Kroger-brand ground coffee products. The original Complaint further asserted a cause of action for unjust enrichment under Illinois law. Plaintiff purported to assert these claims individually and on behalf of an Illinois class of consumers.

Plaintiff amended his Complaint to now assert allegations on behalf of a "Consumer Fraud Multi-State Class" that Kroger violated the consumer fraud protection statutes of each of the *23* states encompassing the Consumer Fraud Multi-State Class: Illinois, Alabama, Alaska, Arizona, California, Colorado, Florida, Kansas, Kentucky, Michigan, Missouri, Montana, Nebraska, Nevada, New Mexico, North Carolina, Ohio, Oregon, South Carolina, Tennessee, Utah, Virginia, and Washington. Plaintiff, however, lacks standing to assert claims based on products he did not purchase, even if substantially similar, as confirmed by the Southern District of Illinois in *Jackson v. Dole Packaged Foods, LLC*, 648 F. Supp. 3d 1039, 1044 (S.D. Ill. 2022). Plaintiff also lacks standing to assert claims on behalf of any class members who may have purchased Kroger's coffee products in states where he did not and whose claims would be governed by the laws of those states. As a result, any claims based on products that Plaintiff did not purchase and Count IV of Plaintiff's Amended Complaint must be dismissed as a matter of law.

## BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff is a resident of Williamson County, Illinois. FAC, ¶ 6. Plaintiff alleges that he bought the Supreme Blend and Select Blend varieties of Kroger-brand ground coffee during 2020 and 2021 at the Kroger market in Carbondale, Illinois. FAC, ¶¶ 6, 36. According to the Amended Complaint, Plaintiff purchased the 29 oz. Medium Roast Supreme Blend and 30.5 oz. Medium Roast Select Blend Class Products. FAC, ¶ 37.

Each canister states an approximate number of brewed coffee servings it yields. FAC, ¶ 15. Depending on the size, each canister states that it can make an approximate number of cups of coffee, relative to the volume of the canister. FAC, ¶ 17. Each can also provides two alternative methods for brewing: (1) a single-serving method or (2) a ten-cup method. FAC, ¶ 19. For the single-serve method, the directions state to use one rounded tablespoon of ground coffee per 6

fluid ounces of water. FAC, ¶ 19. To make ten servings, the directions state to use one-half cup of ground coffee. *Id*. The Complaint further includes images of the directions affixed to the coffee cans, which further provide that a consumer should "use more or less coffee to get desired strength." *Id*.

The Complaint alleges that, under either method, the yield actually produced is less than the number of cups advertised on the coffee can. FAC, ¶ 20. For example, Plaintiff claims that, when using the single-serve method, the 30.5 oz. canister will "produce no more than, and probably less than, 172.8 (or approximately 173) cups of coffee, not 235 cups." FAC, ¶ 21. Following the ten-cup method, Plaintiff asserts that the actual yield for cups of coffee brewed from a 30.5 oz. canister is 216 cups. FAC, ¶ 24. The tables prepared by Plaintiff showing the represented yield versus the actual yield for each method of brewing are based on assumed mathematics that one tablespoon weighs exactly 5 grams. FAC, ¶¶ 22, 24.

Based on these allegations, Plaintiff asserts three causes of action against Kroger, individually and on behalf of a putative Illinois Class:[1] (1) Violation of the ICFA By Means of Unfair Business Practices; (2) Violation of the ICFA By Means of Deceptive Acts or Practices; and (3) Unjust Enrichment. FAC, Counts I-III. Plaintiff also asserts claims for violations of state consumer protection statutes, individually and on behalf of a "Consumer Fraud Multi-State Class." The Consumer Fraud Multi-State Class is defined as:

> All persons who purchased one or more of the Class Products during the Class Period in any of the following states: Illinois, Alabama, Alaska, Arizona, California, Colorado, Florida, Kansas, Kentucky, Michigan, Missouri, Montana,

---

[1] As defined in the Amended Complaint, the Illinois Class is "All persons who purchased one or more of the Class Products during the Class Period in the state of Illinois."

Nebraska, Nevada, New Mexico, North Carolina, Ohio, Oregon, South Carolina, Tennessee, Utah, Virginia, or Washington.

## LAW AND ARGUMENT

### I. Standard of Law

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In order to establish a justiciable "case or controversy" that provides standing to sue under Article III, § 2 of the United States Constitution, a plaintiff must show the following: (1) he has suffered an injury-in-fact that is both (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Where a defendant seeks dismissal under Rule 12(b)(1) for lack of standing, courts should evaluate the sufficiency of the allegations by "us[ing] Twombly–Iqbal's 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). In order to survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

### II. Plaintiff Does Not Have Standing to Pursue Claims Based on Products He Did Not Purchase.

Plaintiff cannot demonstrate that he has standing to pursue claims with respect to products he did not purchase. *See Jackson v. Dole Packaged Food, LLC*, 648 F. Supp. 3d 1039, 1044-45 (S.D. Ill. 2022). In *Jackson*, the plaintiff brought a putative class action, alleging that the defendant

manufacturer deceptively labeled its fruit products as being "in 100% fruit juice" when the products also contained ascorbic acid and citric acid in contravention of that representation. *Id.* at 1043. The plaintiff claimed that the label violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and resulted in unjust enrichment because a reasonable consumer would believe that the juice in the container is in fact 100% fruit juice with no other added ingredients. *Id.* The plaintiff claimed she was damaged because she paid a premium for the product, believing it only contained fruit and fruit juice. *Id.*

The Southern District Court of Illinois held that the plaintiff could not establish a "case or controversy" nor an "injury in fact" as required by Article III for products Plaintiff did not purchase. *Id.* at 1044. The *Jackson* Court explained:

> Here, Plaintiff alleges that she is the purchaser of Defendant's Mixed Fruit. Jackson does not allege that she purchased any of the other eight packaged Dole Fruit Bowls. Notwithstanding, she argues that the Dole Mixed Fruit is "substantially similar" to the other eight Dole fruit products and that the label for each has the identical representation "in 100% fruit juice." Here, there is no dispute the Dole Fruit Bowl line contains very similar products (a variety of fruits) in similar packaging that use apparently highly similar (if not, identical) language that the Plaintiff claims to be deceptive. But despite the similarities, she has not demonstrated that she has a personal stake in the outcome of any litigation regarding any product except the Mixed Fruit product. More to the point, the problem with the Plaintiff's argument is that she has not plausibly pled the existence of a "case or controversy" arising from her purchase of any Dole product other than the Mixed Fruit. Substantially similar or not, she does fail to allege that any of the other eight Dole products caused her harm or created an "injury in fact."

*Id.* The Court further explained that it "is unwilling to read into the 'case and controversy' requirement of Section 2 of Article III to the United States Constitution a 'substantially similar' exception so as to allow Plaintiff to maintain claims when she has no 'injury in fact' that are traceable to representations made on Fruit Bowls she did not purchase." *Id.* Consequently, the

Court found that it lacked subject matter jurisdiction to consider the plaintiff's claims as to products she did not purchase. *Id.* at 1045.

Other district courts in Illinois apply similar reasoning when analyzing claims under the ICFA and have found that a plaintiff cannot establish Article III standing for products they did not buy. *See Willard v. Tropicana Manufacturing Company, Inc.,* 577 F. Supp. 3d 814, 824 (N.D. Ill. 2021) ("Plaintiffs lack standing to assert claims over any products that they did not actually purchase"); *Bakopoulos v. Mars Petcare US, Inc.*, 2021 WL 2915215, at *3 (N.D. Ill. July 12, 2021) ("Plaintiffs have no injury-in-fact caused by products that they did not buy, and therefore lack standing with respect to those products."); *Cowen v. Lenny & Larry's Inc.*, 2017 WL 4572201, at *3 (N.D. Ill. Oct. 12, 2017) (dismissing claims for products plaintiffs did not purchase in class action false advertising suit because the injury-in-fact element of standing cannot be satisfied); *Porter v. NBTY, Inc.*, 2016 WL 6948379, at *3 (N.D. Ill. Nov. 28, 2016); *Pearson v. Target Corp.*, 2012 WL 7761986, at *1 (N.D. Ill. Nov. 9, 2012); *Padilla v. Costco Wholesale Corp.*, 2012 WL 2397012, at *3 (N.D. Ill. June 21, 2012). *See also Weaver v. Champion Petfood USA Inc.*, 3 F.4th 927, 936 (7th Cir. 2021) (affirming a district court's holding that a plaintiff lacked standing in a Wisconsin class action consumer products case where plaintiff's alleged injury related to products that he did not buy but were similar to those he had bought).

Importantly, as the *Willard* Court noted, the Seventh Circuit's decision in *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002) stands for the proposition that plaintiffs cannot rely on the "substantially similar test" to acquire standing. 577 F. Supp. 3d at 823 (citing *Payton v. Cnty. of Kane*, 308 F.3d at 682). The *Willard* Court goes on to cite to a majority of the courts in the Northern District of Illinois that have determined that "class-action plaintiffs are prohibited from overcoming the requirements of Article III standing simply by arguing that non-purchased

products are substantially similar to purchased products." *Id.* at 824. Moreover, to refute the common argument that the issue is a Rule 23 class certification issue rather than an Article III standing issue, the *Willard* Court quoted and agreed with the *Bakopoulos* Court, which reasoned, "[w]hether these plaintiffs may be adequate class representatives for absent class members injured by similar products is a different question than the issue here. At this stage of the case, there is no class and plaintiffs cannot bypass the 'irreducible constitutional minimum' of Article III standing for their individual claims." *Id.* (citing *Bakopoulos v. Mars Petcare US, Inc.*, 2021 WL 2915215 at *3).

Because Plaintiff only alleges that he purchased two of the fifteen Kroger-brand coffee canisters at issue, Plaintiff lacks standing to assert claims against Kroger for the labeling of any of the other thirteen Class Products named in the Amended Complaint of which he did not purchase.

### III.    Plaintiff Does Not Have Standing To Pursue Violations Of State Consumer Statutes On Behalf Of The Consumer Fraud Multi-State Class.

Plaintiff lacks standing to assert claims governed by the laws of states in which he does not reside and where he did not purchase products; in other words, Plaintiff lacks standing to assert any claims except those based on Illinois law. The Southern District of Illinois has not spoken on this specific issue. The Northern District of Illinois has ruled, however, in a state where a plaintiff neither resides nor purchases a product at issue, the plaintiff fails to satisfy his or her burden of showing Article III standing in that state. *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022); *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022, at *6 (N.D. Ill. Feb. 26, 2019); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013) ("Instead, Plaintiffs allege injuries as a result of buying products in New York, Tennessee, Michigan, and Kansas. The indirect complaints do not allege

personal injury in any other state. Thus, Indirect Purchaser Plaintiffs fail to satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue.")  This holding is borne from the general principle that class representatives and class members must "possess the same interest and suffer the same injury."  *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022 at *5.

Contrary to a "prevailing view" in that district, the Northern District of Illinois in *Brown v. Auto-Owners Insurance Company* concluded that this standing argument is not premature and need not wait until class certification for resolution.  2022 WL 2442548 at *2.  More importantly, as the *Brown* Court noted, "[p]ostponing the threshold standing question until after discovery would accomplish nothing. Discovery cannot fix the fact that Plaintiffs' have no injury under Arizona, Kentucky, Utah, or Wisconsin law." *Id.* at *3.  Likewise, in *Smith-Brown v. Ulta Beauty, Inc.*, the Northern District found that "[t]o the extent that plaintiffs attempt to assert claims on behalf of class members in states where they do not reside and were not injured, 'it would ... be inappropriate to engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiff's] ability to assert causes of action created by other states for the benefit of other individuals injured in those other states.'" 2019 WL 932022 at *6 (quoting *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1001-02 (N.D. Ill. 2017)).  The same rings true here.  Because Plaintiff has no connection to any of the states enumerated in the "Consumer Fraud Multi-State Class" aside from his resident state of Illinois – a fact that discovery will not change – he lacks standing to bring claims under those states' laws.

In the same vein, Plaintiff cannot satisfy the preconditions to suit on behalf of a class in states where the statute requires notice or other prerequisites to asserting a class action.  For example, in Alabama, at least 15 days *prior* to filing any action, "a written demand for relief,

identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered," shall be provided to the defendant via U.S. Mail. Ala. Code § 8-19-10(e). It is undisputed that Plaintiff did not make any pre-suit notice or demand upon Kroger. Accordingly, any claim brought by Plaintiff on behalf of any putative class under Alabama statutory law would be due to be dismissed for failure to provide the requisite notice. *See, e.g.*, *DeVane v. Walmart, Inc.*, 2023 WL 8881153, at *5 (M.D. Ala. Dec. 22, 2023). The same is true of any other requirements of other states' consumer protection laws that Plaintiff fails to satisfy as a class representative.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims based on products he did not purchase and Count IV of Plaintiff's Amended Complaint.

Dated: December 2, 2024.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL, AND BERKOWITZ, PC

*/s/ Mary Wu Tullis*
Bruce A. McMullen (TN Bar No. 18126)
Mary Wu Tullis (TN Bar No. 31339)
165 Madison Ave., Suite. 2000
Memphis, TN  38103
(901) 526-2000
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, the foregoing was filed with the Court Clerk via the Court's electronic filing system and served upon all counsel of record view the Court's electronic notification system.

*/s/ Mary Wu Tullis*