## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY WOMICK, Individually and on behalf of all others similarly situated,

     Plaintiff,

v.

THE KROGER CO.,

     Defendant.

Case No. 3:21-CV-00574-NJR

## ORDER

**ROSENSTENGEL, District Judge:**

On January 26, 2026, the Court granted Plaintiff Anthony Womick's motion to file three of fifteen exhibits (Exhibits 2, 7, and 11) in support of his motion for class certification under seal. (Docs. 87 (Plaintiff's Motion), 92 (Court Order)). Although the Court granted Plaintiff's motion to file the exhibits in question under seal, it ordered Defendant the Kroger Company ("Kroger") to show cause as to why Exhibits 2 and 11 should remain sealed.[1] (Doc. 92). Kroger responded to the show cause order on February 6, 2026, requesting that Exhibits 2 and 11 remain sealed. (Doc. 94).

Exhibits 2 and 11 reveal information related to Kroger's creation of certain product labels. Exhibit 2 shows the labels themselves along with detailed dimensions and commentary from a third party who ostensibly created the labels for Kroger. Exhibit 11 reveals an email chain between Kroger employees discussing a certain label.

"Documents that affect the disposition of federal litigation are presumptively open

---

[1] Plaintiff did not contest the need to seal Exhibit 7.

to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). This
presumption allows "interested members of the public, including lawyers, journalists,
and government officials, to know who's using the courts, to understand judicial
decisions, and to monitor the judiciary's performance of its duties." *Id.* The Seventh
Circuit has held that "[s]ecrecy is fine at the discovery stage, before the material enters
the judicial record." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002)
(citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). "But those documents, usually a
small subset of all discovery, that influence or underpin the judicial decision are open to
public inspection unless they meet the definition of trade secrets or other categories of
bona fide long-term confidentiality." *Id.; see also City of Greenville v. Syngenta Crop Prot.,
LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (presumption that court documents are public can
be rebutted if the records contain trade secrets or "if a statute, rule, or privilege justifies
confidentiality"). While genuine trade secrets may be sealed long-term, "most portions
of discovery that are filed and form the basis of judicial action must eventually be
released." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Courts "may, for good cause, issue an order to protect a party or person from
annoyance, embarrassment, oppression, or undue burden or expense, including . . .
requiring that a trade secret or other confidential research, development, or commercial
information not be revealed or be revealed only in a specified way." FED. R. CIV. P.
26(c)(1)(G). The burden is on the party seeking confidentiality to show good cause for
keeping the documents from public view. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d
550, 566 (7th Cir. 2018). "The determination of good cause cannot be elided by allowing

the parties to seal whatever they want . . . The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

The Court has reviewed Exhibits 2 and 11 and finds that they are entitled to confidential treatment. The Court's protective order in this case allows the parties to designate as "Confidential Information," "information that reveals trade secrets" and "research, technical, commercial or financial information that the party has maintained as confidential." (Doc. 34 ¶ 3). "Confidential Information," more broadly, is defined as material that "contains non-public financial or commercially sensitive information that could cause [a party] competitive harm in the marketplace." (*Id.*). The Illinois Trade Secrets Act ("ITSA") similarly defines a "trade secret" as:

> [I]nformation, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d).

Exhibits 2 and 11 appear to fit the bill under ITSA and the Court's protective order. They reflect nonpublic information related to Kroger's product labeling and the creation of such labels. Kroger has taken steps to ensure their protection from public disclosure

because it derives economic value from their confidential treatment and would conversely suffer economic harm if they were publicly disclosed. *See Chicago Mercantile Exch., Inc. v. Tech. Research Grp., LLC*, 276 F.R.D. 237, 241 (N.D. Ill. 2011) ("A party seeking to maintain documents as confidential establishes good cause by showing that disclosure will work a clearly defined and serious injury to the party seeking closure.") (quotation marks omitted); *PepsiCo., Inc. v. Redmond*, No. 94 C 6838, 1996 WL 3965, at *16 (N.D. Ill. Jan 2, 1996) ("PepsiCo's confidential business information constitutes protectible trade secrets within the ITSA's definition, because they are data, processes, methods, plans and strategies (including pricing, marketing, strategic and related business information) that derive economic value from not being generally known within the beverage industry."). The Court therefore finds it appropriate to keep Exhibits 2 and 11 sealed.

Thus, for good cause shown, and out of an abundance of caution, the Court **MAINTAINS** Exhibits 2 and 11 under seal. The Court will revisit the propriety of maintaining the seal over these documents at the conclusion of the case.

        **IT IS SO ORDERED.**

        **DATED:  February 9, 2026**

        **NANCY J. ROSENSTENGEL**
        **United States District Judge**